J-S61020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON PAUL FAY | |
| Appellant | No. 614 MDA 2015 |

Appeal from the Judgment of Sentence of September 20, 2012
In the Court of Common Pleas of Susquehanna County
Criminal Division at No: CP-58-CR-0000251-2011

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 27, 2015**

In this case, Jason Fay, after having his direct appeal rights reinstated, appeals the September 20, 2012 judgment of sentence.  Fay's counsel has filed a petition to withdraw as counsel, together with an ***Anders*** brief.[1] However, Fay's counsel has not satisfied the ***Anders***/***Santiago*** requirements.  Consequently, we deny counsel's petition to withdraw as counsel, and remand this case either for a compliant ***Anders***/***Santiago*** brief or an advocate's brief addressing Fay's claims on the merits.

---

[*]    Retired Senior Judge assigned to the Superior Court.

[1]    ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), ***abrogated in part by Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

In the spring of 2010, Fay committed a series of burglaries, thefts, and related crimes in Susquehanna County, Pennsylvania.[2] Around the same time, Fay perpetrated similar crimes in nearby counties. Fay was charged accordingly in the respective counties.

In Susquehanna County, Fay was charged in three separate criminal informations for his string of crimes. After some cooperation and negotiation, Fay agreed to plead guilty to three counts of burglary. As part of the plea agreement, the Commonwealth agreed to each of the burglary sentences being run concurrently with each other. The Commonwealth also agreed not to object to Fay's request that the trial court run his Susquehanna sentences concurrently with any sentences that he was serving, or would serve, in any of the other counties where he committed crimes, including Lackawanna County.

On August 24, 2012, Fay pleaded guilty according to the agreement. The Commonwealth *nolle prossed* all of the remaining charges. On September 20, 2012, the trial court sentenced Fay to two to fifteen years' incarceration on each burglary count, and ordered each sentence to run concurrently to each other per the plea agreement. However, the trial court ordered these sentences to run consecutively, not concurrently, to any other sentence that was imposed for his actions outside of Susquehanna County.

---

[2] Due to our disposition, the factual details of these crimes are irrelevant. We will not recite them here.

The Commonwealth upheld its end of the bargain. The Commonwealth did not object to Fay's request that all of the sentences run concurrently. However, the victims of the burglaries did object. The trial court heeded the victim's objections, and sentenced Fay accordingly. Fay filed a post-sentence motion, which the trial court denied on October 17, 2012.

Fay filed a notice of appeal on November 20, 2012, which was beyond the thirty-day appeal period. On February 27, 2012, this Court, noting our lack of jurisdiction due to Fay's untimely notice of appeal, quashed Fay's direct appeal.

Thereafter, Fay filed multiple petitions for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Subsequently, the trial court granted relief to Fay, and reinstated Fay's direct appeal rights. On April 7, 2015, Fay filed a notice of appeal. The trial court did not order Fay to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Fay did not file a statement.

Counsel for Fay has identified the following issue on Fay's behalf: Did the trial court err in imposing a consecutive sentence as opposed to a concurrent sentence? *Anders* Brief at 4.

As noted, counsel for Fay proceeds pursuant to *Anders* and *Santiago*. This Court first must pass upon counsel's petition to withdraw before reviewing the merits of the issue presented by Fay. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets

the requirements established by our Supreme Court in **Santiago**. The brief must provide the following information:

> (1)  a summary of the procedural history and facts, with citations to the record;
>
> (2)  reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  counsel's conclusion that the appeal is frivolous; and
>
> (4)  counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see also Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter that he transmitted to his client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Counsel has not complied with these requirements.  Counsel has provided a summary of the factual and procedural history of this case, but it

is insufficient. The entirety of the recitation is two sentences, and contains none of the facts underlying Fay's convictions and it has no citations to the record. Counsel omits almost all of the relevant procedural events that we have summarized above.

More importantly, although counsel concludes that Fay's appeal is wholly frivolous, counsel does not offer a single reason in support of his conclusion as is required by *Santiago*. Counsel recites the governing standards, including various quotes from *Anders*, but elects not to discuss the merits, or lack thereof, of Fay's claim. Indeed, counsel admits that he "does not offer argument in support of [Fay's] claim, but instead asks this Court to determine whether [Fay's] assertion is wholly frivolous pursuant to [*Anders*]." *Anders* Brief at 5. Counsel clearly has misinterpreted the governing case law and is attempting to shift the burden to demonstrate frivolity to this Court. However, *Santiago* is clear in its mandate. It is counsel who must offer reasons to this Court that would justify his conclusion that Fay's appeal is wholly frivolous. *See Santiago*, 978 A.2d at 361.

Counsel also has not demonstrated that he sent Fay a letter informing him that he has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Fay's representation; and

that Fay may find new counsel or proceed *pro se*.[3] Instead, counsel advises Fay that he has these rights in capitalized and bolded letters at the end of the **Anders** brief and at the end of his motion to withdraw as counsel, which is attached to the brief. However, counsel does not include a certificate of service to either the brief or the motion. Fortunately, we know that Fay received a copy of the materials because Fay has filed a reply with this Court. But, Fay's receipt of the materials does not vitiate counsel's near-complete failure to comply with the technical requirements imposed by **Anders**, **Santiago**, and **Millisock**.

Finally, we note that Fay's claim implicates the discretionary aspects of his sentence. As noted, counsel believes that this issue is meritless. We have independently reviewed this record and have noted that the transcripts from both the guilty plea hearing and the sentencing hearing are not in the record. It is unclear whether the transcripts were ordered and not made part of the record, or whether they have never been produced at all. If the latter is true, counsel could not have thoroughly assessed the entire record and Fay's claim before concluding that it is wholly frivolous. If the former is true, then we will not be able to perform our own independent assessment of the case and Fay's claim. **See Commonwealth v. Flowers**, 113 A.3d

---

[3] In the event that counsel did send a letter to Fay, counsel has not attached the letter to his petition to withdraw as counsel, as is required by **Millisock**.

1246, 1251 (Pa. 2015) (holding that counsel failed to meet *Anders*/*Santiago* requirements and remanding for production and review of necessary transcripts).

For these reasons, it is apparent that counsel has not complied with *Anders* and its progeny. Due to the non-compliance, we deny counsel's motion to withdraw as counsel. We remand this case with instructions to counsel to complete the record, and to then file either a compliant *Anders*/*Santiago* brief or an advocate's brief. Counsel is directed to comply with this directive within thirty days of the date of this memorandum. Fay and the Commonwealth may respond accordingly within thirty days of counsel's filing to whatever course of action is chosen by counsel.

Application to withdraw as counsel denied. Case remanded. Jurisdiction retained.